UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| DIAMOND HOMES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. 3:25-cv-00027 |
| | § | |
| CONTRACTORS BONDING AND | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Contractors Bonding and Insurance Company ("CBIC") files this Notice of Removal of this action (No. 2025DCV0213) from the 41st Judicial District of El Paso County, Texas (the "State Court"), to the United States District Court for the Western District of Texas, El Paso Division, the district and division in which the State Court is located. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446. In support hereof, CBIC respectfully shows this Court as follows:

1. On April 22, 2024, Plaintiff Diamond Homes, LLC ("Plaintiff") commenced an action by filing its Original Petition (the "Petition") against Defendants CBIC and Eden Hernandez Guzman d/b/a Lovely Concrete in the State Court, entitled *Diamond Homes, LLC v. Eden Hernandez Guzman dba Lovely Concrete, and Contractors Bonding and Insurance Company*, Cause No. 2024DCV1860 (the "Old State Court Case").

2. CBIC was served with the Petition and filed its Original Answer on June 13, 2024. (*See* **Exhibit A-2**, Copy of the Summons and Original Petition served on CBIC in the Old State Court Case). At the time CBIC was served, the case was not removeable because the parties were not completely diverse—Plaintiff Diamond Homes and Defendant Eden Hernandez (an individual

domiciled in Texas) are both citizens of the State of Texas for diversity purposes. On January 7, 2025, however, the State Court entered an Order severing Plaintiff's claims against CBIC into a separate lawsuit with a new cause number, entitled *Diamond Homes, LLC v. Contractors Bonding and Insurance Company*, Cause No. 2025DCV0213 (the "New State Court Case"). (*See* **Exhibit A-9**, Copy of the January 7, 2025 Severance Order[1]). The Parties to the New State Court Case, Defendant CBIC and Plaintiff Diamond Homes, LLC, are completely diverse. As such, removal of the New State Court Case is timely because thirty (30) days have not elapsed since CBIC first received a copy of the Court's January 7, 2025 Order making this lawsuit removeable by severing Plaintiff's claims against CBIC into the New State Court Case, as required by 28 U.S.C. § 1446(b)(3). Furthermore, more than one (1) year has not elapsed since Plaintiff initially filed the Old State Court Case on April 22, 2024, as required by 28 U.S.C. § 1446(c)(1).

3. A copy of this Notice of Removal will be filed with the State Court, and a copy of this Notice of Removal will also be served on Plaintiff. CBIC is, contemporaneously with the filing of this Notice, giving written notice of filing of this Notice of Removal with the clerk of the State Court.

4. As stated above, attached as **Exhibit A** is an appendix with copies of all process, pleadings, and orders served upon CBIC in the Old State Court Case. The appendix identifies each document and indicates the date the document was filed in state court, including the docket sheet. Attached as **Exhibit B** is an appendix with copies of all process, pleadings, and orders served upon CBIC in the New State Court Case. The appendix identifies each document and indicates the date the document was filed in state court, including the state court docket sheet.

5. Plaintiff has requested trial by jury in the State Court Case.

---

[1] On January 10, 2025, the State Court signed an Amended Order correcting a clerical error in the first order. A copy of the January 10, 2025 Amended Order is also attached hereto as Exhibit A-10.

6. CBIC has filed contemporaneously a civil cover sheet and will file in due course a Supplemental Cover Sheet.

### Ground for Removal:  Diversity

7. This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332, in that this is a civil action where the matter in controversy exceeds $75,000, and is between citizens of different States.

A.   <u>There is complete diversity between Plaintiff and CBIC</u>.

8. For purposes of determining diversity, a limited liability company is a citizen of every state where any of its members are citizens. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077 (5th Cir. 2008). A corporation is a citizen of every State where it is incorporated and the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1). An individual is a citizen of the state of his or her domicile, which is the place of his or her true, fixed, and permanent home and principal establishment, to which he or she has the intention of returning whenever absent therefrom. *See Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954).

9. According to materials from the Texas Secretary of State, Plaintiff was at the time of the filing of this action, has been at all times since, and still is a limited liability company organized under the laws of Texas with its principal place of business in Texas. Plaintiff's sole member, Juan C. Baquera, is an individual who resides and is domiciled in Texas. Accordingly, Plaintiff is a citizen of Texas for purposes of determining diversity jurisdiction, and not a citizen of the State of Illinois.

10. Defendant CBIC is a corporation that is incorporated in the State of Illinois, with its principal place of business in Illinois.  Accordingly, CBIC is a citizen of the State of Illinois for purposes of determining diversity jurisdiction, and not a citizen of the State of Texas.

11.    Complete diversity exists in this case and removal is proper because Plaintiff is a citizen of Texas and CBIC is a citizen of Illinois.

B.    <u>The amount in controversy exceeds the federal minimum jurisdictional requirements</u>.

12.    In its Original Petition filed in the Old State Court Case, Plaintiff asserts claims against CBIC under the Texas Insurance Code and seeks monetary relief over $200,000 but less than $1 million. (*See* Petition, at pp. 2, 8-10). Plaintiff also seeks relief under the insurance code and seeks to recover attorney's fees, judgment and post-judgment interest, and court costs.

13.    Accordingly, the amount in dispute exceeds $75,000, exclusive of interest and costs.

WHEREFORE, Defendant Contractors Bonding and Insurance Company prays that the above-described action now pending in the 41st Judicial District of El Paso County, Texas be removed to this Court.

Respectfully submitted,

*/s/ Greg K. Winslett*
GREG K. WINSLETT
State Bar No. 21781900
gwinslett@qslwm.com
RICHARD L. SMITH, III
State Bar No. 24098446
rlsmith@qslwm.com

**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)

**ATTORNEYS FOR DEFENDANT CONTRACTORS BONDING and INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

    I hereby certify that on the 4th day of February, 2025, a true and correct copy of the above and foregoing was served upon all counsel of record in accordance with the Federal Rules of Civil Procedure.

                                      */s/ Greg K. Winslett*  
                                      Greg K. Winslett