Secretary of State
Service of Process
P.O. Box 12079
Austin, Texas 78711-2079



7190 1046 4701 0170 9513

RECEIVED BT

JUN 10 2024

CLAIM DEPARTMENT

**Return Receipt (Electronic)**

2024364576-1

Contractors Bonding and Insurance Company
c/o RLI and CBIC's Claim Department
9025 Lindergh Drive
Peoria, IL 61615-1431

---

CUT / FOLD HERE

**EXHIBIT A-2**

# The State of Texas



Service of Process
P.O. Box 12079
Austin, Texas 78711-2079

Phone: 512-463-1662
Fax: 512-463-0873
Dial 7-1-1 For Relay Services
www.sos.texas.gov

## Jane Nelson
### Secretary of State

June 4, 2024

Contractors Bonding and Insurance Company
c/o RLI and CBIC's Claim Department
9025 Lindergh Drive
Peoria, IL 61615-1431

2024-364576-1

**Include reference number in all correspondence**

RE:   Diamond Homes, LLC vs Eden Hernandez Guzman d/b/a Loveley Concrete, et al
41st Judicial District Court Of El Paso County, Texas
Cause No. 2024DCV1860

Dear Sir/Madam,

Pursuant to the Laws of Texas, we forward herewith by CERTIFIED MAIL, return receipt requested, a copy of the process received by the Secretary of State of the State of Texas on May 3, 2024.

CERTIFIED MAIL #71901046470101709513

Refer inquiries to:

James M. Feuille
ScottHulse PC
1100 Chase Tower
201 E. Main
El Paso, TX 79901

Sincerely,

Service of Process
Government Filings
GF/mb
Enclosure

# THE STATE OF TEXAS

RECEIVED
SECRETARY OF STATE
MAY -3 2024
Service of Process

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org"

TO: **CONTRACTORS BONDING AND INSURANCE COMPANY**, which may be served with process through the **TEXAS SECRETARY OF STATE, CAPITAL STATION, AUSTIN, TEXAS 78711** who shall then forward it to **CONTRACTORS BONDING AND INSURANCE COMPANY** through **RLI AND CBIC'S CLAIM DEPARTMENT** at **9025 LINDBERGH DRIVE, PEORIA, IL 61615-1431** by or wherever he/she may be found.

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **41st Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 22nd day of April 2024 by Attorney at Law, JAMES M. FEUILLE, ONE SAN JACINTO PLAZA 201 E. MAIN DR., 11TH FLOOR, EL PASO, TX 79901, in this case numbered **2024DCV1860** on the docket of said court, and styled:

**DIAMOND HOMES, LLC**
**V.**
**EDEN HERNANDEZ GUZMAN D/B/A LOVELY CONCRETE, AND CONTRACTORS BONDING AND INSURANCE COMPANY**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 25th day of April 2024.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
Enrique Moreno County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest: NORMA FAVELA BARCELEAU District Clerk
El Paso County, Texas

By: _____, Deputy
Keila Velasquez

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

364576

**RETURN**

Came on hand on _____ day of _____, 20____, at _____ o'clock ____M., and executed in _____ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the **Plaintiff's Original Petition**, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance |
|------|------|---|---|------|---|---|------|
|      | MONTH | DAY | YEAR | Hour | Min. | ____.M. | From Court House |
|      |       |     |      |      |      |         |                  |
|      |       |     |      |      |      |         |                  |
|      |       |     |      |      |      |         |                  |
|      |       |     |      |      |      |         |                  |
|      |       |     |      |      |      |         |                  |
|      |       |     |      |      |      |         |                  |

And not executed as to the defendant, _____

_____

The diligence used in finding said defendant, being_____

And the cause of failure to execute this process is: _____

And the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING ____ copy _____ $ _____ _____ Sheriff

                                                        _____ _____ County, Texas

Total _____ $ _____ by _____; Deputy

**CERTIFICATE OF DELIVERY**

I do hereby certify that I delivered to _____,
_____ on the _____ day of _____,
20_____, at _____ o'clock ___m. this copy of this instrument.

                                                     _____, Sheriff/Agent
                                                     _____ County, Texas
                                          By _____, Deputy/Agent

**SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20____.**

**(SEAL)**

                                                     _____
                                                     **NOTARY PUBLIC, STATE OF TEXAS**

Case 3:25-cv-00027-KC   Document 1-3   Filed 02/04/25   Page 5 of 17

El Paso County - 41st District Court

Filed 4/22/2024 4:14 PM
Norma Favela Barceleau
District Clerk
El Paso County
2024DCV1860

|  |  |  |
|---|---|---|
| DIAMOND HOMES, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. _____ |
| | ) | |
| EDEN HERNANDEZ GUZMAN d/b/a | ) | |
| LOVELY CONCRETE, and | ) | |
| CONTRACTORS BONDING AND | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff DIAMOND HOMES, LLC ("Plaintiff" and "Diamond Homes") files this original petition against defendants Eden Hernandez Guzman d/b/a Lovely Concrete ("Lovely Concrete") and Contractors Bonding and Insurance Company ("CBIC"), and would show the Court as follows:

### I. Introduction

1. This lawsuit involves an insurance company refusing, wrongfully, to make payments to a named insured for covered claims under an insurance policy. Plaintiff is home builder in El Paso, Texas. Plaintiff hired Lovely Concrete to pour cement to lay foundations for the home's that Plaintiff was building. As part of the contract between Plaintiff and Lovely Concrete, Plaintiff required Lovely Concrete to obtain an insurance policy to cover any claims for negligence and to name Diamond Homes as a named insured on the policy. Lovely Concrete obtained such a policy with CBIC. Lovely Concrete negligently failed to properly calibrate its equipment and, as a result Diamond Homes suffered hundreds of thousands of dollars of damages in order to repair the faulty foundations. Thereafter, Diamond Homes made a claim against the

1

insurance policy. Not only has CBIC refused to pay the claim, CBIC has refused to provide a copy of the policy, misrepresented terms of the policy, made misleading statements regarding claim, failed to reasonably explain why it was denying the claim, failed to render a decision on the claim within a reasonable period of time, refused to reach a reasonable settlement, and reneging on payment after representing that certain expenses were "covered" by the policy. This lawsuit became necessary when the insurance company did not pay what should have been paid.

## II. Jurisdiction & Venue

2.  This Court has jurisdiction over this lawsuit because the amount in controversy is within the Court's jurisdictional limits.

3.  Venue is proper in El Paso County, Texas because Defendants are doing business in El Paso County, Texas; and all or substantially all of the events or omissions giving rise to this lawsuit occurred in El Paso County, Texas. Additionally, plaintiff's business is located in El Paso County, Texas; and the loss that forms the basis of the insurance claims that are at issue in this lawsuit occurred in El Paso County, Texas.

## III. Discovery Control Plan

4.  Plaintiff intends to conduct discovery under Level 3 of TEX. R. CIV. P. 190.

5.  Pursuant to Rule 47, Plaintiff seeks monetary relief over $200,000, but less than $1 million. TEX. R. CIV. P. 47(c)(1). However, Plaintiff reserves the right to amend to allege additional claims for monetary relief to the extent that additional information regarding damages is revealed in discovery.

## IV. The Parties

6. Plaintiff is a limited liability company that is located in and does business in El Paso County, Texas.

7. Defendant Eden Hernandez Guzman d/b/a Lovely Concrete is an individual residing in and doing business in El Paso County, Texas who may be served with citation at 447 Lisa Diane Road, Socorro, Texas 79927.

8. Defendant Contractors Bonding and Insurance Company is an RLI Company that does business in the State of Texas. Defendant Contractors Bonding and Insurance Company and RLI Company have failed to designate a registered agent in the state of Texas; thus, Defendant may be served with process through the Texas Secretary of State. RLI and CBIC's claim department can be found at 9025 Lindbergh Drive, Peoria, IL 61615-1431.

## V. Facts

9. Plaintiff is an additional insured under an insurance policy that was issued by CBIC. The policy is identified by Policy Number C11SN4565, and it was in effect for the period of October 1, 2021 through October 1, 2022.

10. The policy includes as a named insured Lovely Concrete.

11. During the early party of 2022, Lovely Concrete provided work to Plaintiff at:

- 14540 Tierra Resort, El Paso, Texas
- 14544 Tierra Resort, El Paso, Texas
- 14548 Tierra Resort, El Paso, Texas
- 14552 Tierra Resort, El Paso, Texas
- 14549 John McNeely, El Paso, Texas
- 850 Airship, El Paso, Texas

3

- 11200 Sheffield, El Paso, Texas

- 11204 Sheffield, El Paso, Texas

(Collectively referred to as the "Properties").

12. Lovely Concrete's work was deficient. Upon information and belief, Lovely Concrete's equipment was not calibrated properly resulting in unlevel slabs at the Properties.

13. Plaintiff engaged an independent third-party engineer to determine the scope of damages caused by Lovely. The Report by Construction Professional Engineers, LLC, dated May 9, 2022 (the "Report") was derived from information collected on-site at the Projects. The Report evidences significant damages resulting from Lovely Concrete's work.

14. The Report determined that the concrete foundations were not level, with variances of 4.25 inches to 11 inches.

15. On or about April 22, 2022, Plaintiff, through the engineers and the report, discovered that the foundations were not level.

16. In order to remedy the deficient and negligent work by Lovely Concrete, Plaintiff incurred $193,907 in expenses and damages to repair the work.

17. On or about June 22, 2022, Plaintiff notified Lovely Concrete and CBIC that Plaintiff had suffered damages and demanded recompense to resolve the claim.

18. From June 22, 2022 until November 8, 2023, CBIC "investigated" the claim and engaged in bad faith conduct.

19. Despite the fact that Lovely Concrete's negligence was clear and undisputed, CBIC hired Luis Espino at Rimkus Consulting Group, Inc. to conduct an additional investigation of the claim and the damages.

20. Rimkus' investigation took many months and was directed by CBIC, thus undermining Rimkus' ability to provide an accurate and reasonable investigation.

21. Finally, on or about March 9, 2023, CBIC's adjuster, Terri Chester, represented that certain expenses incurred by Plaintiff were "not covered" or "covered" based on CBIC and Rimkus' investigation.

22. Ms. Chester stated that the following expenses were or were not covered:

**850 Airship**

12/29/21 - Jobe Materials (Concrete) = 14,168.34 (Not covered)

03/25/22 - Consulting Co. Land Surveying = 125.00 (Not Covered)

06/27/22 - Jobe Materials (Concrete Sidewalk) = 562.90 (Not Covered)

Total Covered = 0.00

**11204 Sheffield**

03/17/22 - Consulting Co. Land Surveying = 125.00 (Not Covered)

01/25/22 - Jobe Materials (Concrete) = 5,838.49 (Not covered)

03/15/22 - Ramirez Ceramic Tile = 2,983.75

Total Covered = 2,983.75

**11200 Sheffield**

03/17/22 - Consulting Co. Land Surveying = 125.00 (Not Covered)

01/24/22 - Jobe Materials (Concrete) = 6,123.73 (Not covered)

Total Covered = 0.00

**14549 John McNeely**

02/14/22 - Jobe Materials (Concrete) = 10,122.80 (Not covered)

04/22/22 - Diamond Homes (Concrete) = 1,300.00 (Not covered)

04/26/22 - Diamond Homes (Interior Repairs) = 935.40

05/10/22 - M&V Plumbing (Relocate Fixtures) = 505.01

06/07/22 - Diamond Homes (Doors & Island reparation - Concrete re-poured) = 280.00 (Not Covered)

00/00/00 - Carzoli's Tile (Front Porch) = 1,297.09

Total Covered = 2,737.50

**14552 Tierra Resort**

02/04/22 - Southern Carlson (wood to concrete connectors) = 168.88 (Not Covered)

02/17/22 - 84 Lumber (Air Infiltration Package) = 86.76

02/25/22 - Jobe Materials (Concrete) = 9,296.04 (Not covered)

03/14/22 - El Paso Truss (Wood Trusses) - 14,720.00

03/16/22 - Consulting Co. Land Surveying = 120.00 (Not Covered)

03/23/22 - Post Tension Steel (Release Cable Tension) = 225.00

07/07/22 - DM Demolition (Demo Foundation) = 8,000 (Not Covered)

00/00/00 - Diamond Homes (clean-up of debris & new dirt) = 12,400.00 (Not Covered)

Total Covered = 15,031.76

15748 Tierra Resort (Not on your list of properties - attached)

03/16/22 - Carlos Oropeza Construction (Remove trusses) = 3,000.00

Total Covered = 3,000.00 (Not covered as not on list and unrelated)

6

**14548 Tierra Resort**

02/04/22 - Southern Carlson (wood to concrete connectors) = 168.88 (Not Covered)

02/17/22 - 84 Lumber (Air Infiltration Package) = 86.76

02/22/22 - Jobe Materials (Concrete) = 9,649.21 (Not covered)

03/02/22 - 84 Lumber (wood) = 21,213.65

03/03/22 - Southern Carlson (roofing nails) = 72.20

03/03/22 - Southern Carlson (nails, staples, washers) = 785.32

03/08/22 - 84 Lumber (wood) = 17,514.74

03/08/22 - Carlos Oropeza Construction = 8,530.00

03/16/22 - Consulting Co. Land Surveying = 120.00 (Not Covered)

03/23/22 – Post Tension Steel = 225.00

07/07/22 – DM Demo = 8,000.00 (Not Covered)

Total Covered = 26,269.74

**14544 Tierra Resort**

02/09/22 - Jobe Materials (Concrete) = 9,875.18 (Not covered)

03/16/22 - Consulting Co. Land Surveying = 120.00 (Not Covered)

04/19/22 - Diamond Homes (Concrete) = 1,275.00 (Not Covered)

05/29/22 - Mata's Flooring (Tile) = 3,515.75

Total Covered = 3,515.75

**14540 Tierra Resort**

12/02/21 - Jobe Materials (Concrete) = 9,255.40 (Not Covered)

03/16/22 - Consulting Co. Land Surveyors = 120.00 (Not Covered)

04/19/22 - Diamond Homes (Concrete) = 1,275.00 (Not Covered)

05/17/22 - Mata's Flooring (Porch Tile) = 6,013.80

Total Covered = 6,013.80

All Addresses

03/17/22 - El Paso Concrete = 1,503.98 (Not Covered)

05/2/22 - Construction Professional Engineers = 3,200.00 ( Not Covered)

Grand Total Covered Loss = 56,552.30

7

23. Plaintiff initially disputed the amounts determined by CBIC. However, sometime after March 9, 2023, Plaintiff accepted the March 9, 2023 offer to pay the "grand total covered loss" of $56,552.30. Nevertheless, CBIC did not pay the accepted "covered" amounts.

24. On or about November 7, 2023, Plaintiff's counsel provided supplemental information supporting the claim and the damages sought.

25. Instead of paying the "covered loss", CBIC, unreasonably and without basis, sent a letter on November 8, 2023 denying the claim and reneging on the March 9, 2023 offer.

26. On multiple occasions, Plaintiff's counsel demanded a copy of the insurance policy but CBIC refused to provide it.

27. On multiple occasions, when Plaintiff asked for an explanation as to how CBIC was not responsible for the "covered loss", CBIC refused or failed to provide an explanation.

## VI. Causes of Action

### Negligence by Lovely Concrete

28. Plaintiff re-alleges and incorporates by reference all of the allegations in paragraphs 1 through 27 as if fully set forth herein.

29. Lovely Concrete was negligent in the work provided to Plaintiff. Lovely Concrete failed to ensure that its equipment was properly calibrated in order to pour level concrete foundations. Lovely Concrete owed a duty to provide level concrete foundations to Plaintiff and failed to do so, causing harm to Plaintiff.

### Violations of Texas Insurance Code Chapter 541 Against CBIC

30. Plaintiff re-alleges and incorporates by reference all of the allegations in paragraphs 1 through 29 as if fully set forth herein.

31.     Plaintiff is an entity authorized to bring a claim under section 541.002 of the Texas Insurance Code; and has standing to sue under Chapter 541 because Plaintiff is an insured and Plaintiff was damaged by the deceptive acts and practices alleged in this petition. TEX. INS. CODE §541.002(2).

32.     Defendant CBIC is an insurance company that is subject to suit under section 541.002 of the Texas Insurance Code. TEX. INS. CODE §541.002(2).

33.     Defendant CBIC: (i) communicated untrue statements of fact concerning coverage under the policy that was supposed to provide coverage to Plaintiff for the losses suffered by Plaintiff; (ii) failed to disclose material facts relating to coverage under the policy; (iii) made statements that led Plaintiff to false conclusions concerning material facts relating to coverage under the policy; (iv) made representations of material facts or policy provisions relating to the coverage afforded under the policy; (v) failed to reasonably explain why a claim was being denied; (vi) failed to timely conduct a reasonable investigation; and (vii) refusing to reach a reasonable settlement. TEX. INS. CODE §541.061, §541.060.

34.     Defendant CBIC: (i) made misrepresentations concerning a material fact relating to coverage under the policy; (ii) failed to disclose material facts that made the statements made to Plaintiff misleading; and (iii) made statements that would lead a reasonably prudent person to a false conclusion about the extent of coverage that was available for the property damage. TEX. INS. CODE §541.061(1); TEX. INS. CODE §541.061(2); TEX. INS. CODE §541.061(3).

35.     Plaintiff relied on the representations made by Defendant CBIC, and the actions of Defendant CBIC were a producing cause of Plaintiff's damages.

<u>Claim for Reasonable & Necessary Attorney's Fees Incurred.</u>

36. Plaintiff re-alleges and incorporates by reference all of the allegations in paragraphs 1 through 35 as if fully set forth herein.

37. Plaintiff seeks the recovery of reasonable and necessary attorney's fees incurred in prosecuting this lawsuit pursuant to Chapter 38 of the Texas Civil Practice & Remedies Code, Chapter 541 and Chapter 542 of the Texas Insurance Code, including all reasonable and necessary attorney's fees incurred in connection with this claim, including attorney's fees up to and including trial, post-judgment contingent appellate attorney's fees if an appeal is pursued to the Eighth District Court of Appeals, and post-judgment contingent appellate attorney's fees if a petition for review is filed or granted at the Texas Supreme Court.

## VII. Prayer

For these reasons, Plaintiff respectfully requests that the Defendants be cited to appear and answer, and, that on final trial, that it recover judgment against Defendants, for a sum within the jurisdictional limits of this Court, for the following:

   a. general and special damages that were sustained by Plaintiff that were a producing cause or that arose from Defendants' actions;

   b. attorney's fees as authorized by Texas law;

   c. pre-judgment interest as provided by Texas law at the permissible legal rate of interest;

   d. post-judgment interest as provided by Texas law at the permissible legal rate of interest;

   e. court costs and all costs of suit; and

   f. such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**SCOTT HULSE P.C.**
One San Jacinto Plaza
201 E. Main Drive, 11th Floor
El Paso, Texas  79901
(915) 533-2493
(915) 546-8333 Telecopier


By: ***/s/James M. Feuille***
   **JAMES M. FEUILLE**
   State Bar No. 24082989
   Attorneys for Plaintiff



